1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH MULLEN WATKINS, JR.,        No.  1:23-cv-00830 GSA (PC)

12                 Plaintiff,            ORDER AND FINDINGS AND
                                         RECOMMENDATIONS
13          v.
                                         ORDER RECOMMENDING THIS MATTER
14   PERNER, et al.,                     BE DISMISSED WITHOUT PREJUDICE
                                         FOR FAILURE TO OBEY COURT ORDERS
15                 Defendants.
                                         (ECF Nos. 6, 7)
16
                                         PLAINTIFF'S OBJECTIONS DUE IN
17                                       FOURTEEN DAYS

18

19          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

20   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court

21   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22          For the reasons stated below, the undersigned will recommend that this matter be

23   dismissed for failure to obey court orders.  Plaintiff will have fourteen days from the date of this

24   order to file objections.

25          I.      RELEVANT FACTS

26                  A.  First Court Order:  Notice of Current Address

27          On May 30, 2023, Plaintiff's complaint was docketed.  ECF No. 1.  Thereafter,  because a

28   significant amount of time had passed since the filing of the complaint, prior to screening it, on

March 12, 2025, the Court ordered Plaintiff to file a notice of current address with the Court and to do so within seven days.  ECF No. 6.

Plaintiff failed to respond to the Court's order within the seven-day period, nor did he file an extension of time to do so.  He did not respond to the Court's order in any way.

### B.  Second Court Order:  Order to Show Cause

Because Plaintiff failed to respond to the Court's order, on April 25, 2025, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to obey a court order. Plaintiff was given seven days to do so.  See ECF No. 7.

More than seven days have passed, and Plaintiff has not responded to the Court's order to show cause nor requested an extension of time to do so.

### C.  Orders Have Not Been Returned: Plaintiff Is Still Incarcerated

A review of the docket in this case indicates that neither of the Court's orders have been returned to it marked "undeliverable" or "return to sender."   In addition, a search for Plaintiff on the California Department of Corrections and Rehabilitation's website by his prison identification number indicates that he is still incarcerated at Salinas Valley State Prison.  See https://ciris.mt.cdcr.ca.gov/search (input "BE3223," Plaintiff's prison ID number; hit "search") (last visited 6/20/25).

## II.    APPLICABLE LAW

### A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or if he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R. 110.

### B.  Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

III.    DISCUSSION

A.    Rule 41(b) and Local Rule 110 Support Dismissal of This Case

It is a plaintiff's responsibility to keep a court apprised of his current address at all times. The fact that Plaintiff failed to file a notice of change of address with the Court – either on his own or as twice ordered, irrespective of whether his address has changed – warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and 183(b).

B.    Application of Malone Factors Supports the Dismissal of This Case

1.    Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file responses to the Court's two orders that specifically directed him to file a notice of current address with it.  Yet, he has failed to respond to either of the Court's orders, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests."  Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to respond to either of

---

[1]  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

the Court's two orders – even though, presumably, he has received both of them[2] – is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2.  Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3.  Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that this case has languished on the Court's docket for approximately three months since the Court's first order directing Plaintiff to file a notice of current address with the Court issued, without any response from Plaintiff during that period, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred this matter cannot proceed  if Plaintiff persists in not responding to the most basic of court orders, nor can it be disposed of on its merits.

## IV.  CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to obey court orders.  Plaintiff will be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to obey court orders.

---

[2]  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, Plaintiff may file written objections

4    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations," and it shall not exceed fifteen pages.

6    The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

7    wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by

8    its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed

9    in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

10    28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

11    objections within the specified time may result in the waiver of certain rights on appeal.  See

12    Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th

13    Cir. 1991).

14

15

16    IT IS SO ORDERED.

17    Dated:   **June 20, 2025**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28