**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH MULLEN WATKINS, JR., | No. 1:23-cv-00830 KES FJS (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING ACTION, AND DIRECTING CLERK OF COURT TO CLOSE THIS CASE |
| v. | |
| PERNER, *et al.*, | Doc. 14 |
| Defendants. | |

Plaintiff Kenneth Mullen Watkins, Jr. asserts that he suffered violations of his civil rights at the California Correctional Institution.  He seeks to hold the defendants liable in this civil rights action pursuant to 42 U.S.C. § 1983.  *See generally* Doc. 1.

The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a) and found that Watkins failed to state claims for retaliation and excessive force.  Doc. 13 at 3-5.  The magistrate judge also noted that Watkins appeared to challenge his state conviction and/or his state criminal charges, asserting they were based upon false charges.  The magistrate judge found that a challenge to his conviction could be raised only by a petition for writ of habeas corpus.  *Id.* at 5-6.  To the extent Watkins asserted a civil rights claim based on alleged false charges in his state criminal case, the magistrate judge found such claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994), or *Younger v. Harris*, 401 U.S. 37 (1971).  *Id.* at 6-7.  The magistrate judge provided the applicable pleading standards and granted leave to amend.  *See id.*

1

at 3-8.  Watkins did not file an amended complaint.

On March 16, 2026, the magistrate judge issued findings and recommendations, reiterating the findings of the screening order.  Doc. 14 at 2-7.  The magistrate judge also found that Watkins failed to prosecute the action and failed to comply with the screening order.  *Id.* at 8-9.  The magistrate judge recommended that "this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action."  *Id.* at 9.

The Court served the findings and recommendations on Watkins and informed him that any objections were to be filed within fourteen days after service.  Doc. 14 at 10.  The Court also advised Watkins that a failure to file timely objections may result in the waiver of certain rights on appeal.  *Id.*  Watkins did not file objections, and the deadline to do so has expired.

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review.  Having carefully reviewed the matter, the Court concludes that the findings that Watkins failed to state a cognizable claim, failed to prosecute the action, and failed to comply with the Court's order are supported by the record and by proper analysis.  But as Watkins may be able to challenge his conviction in a petition for writ of habeas corpus, and this Court's review in the present case is barred by *Heck* and *Younger*, the dismissal of his claims challenging his conviction and criminal proceeding is without prejudice.  *See*, *e.g., Washington v. L.A. County Sheriff's Dep't*, 883 F.3d 1048, 1056 (9th Cir. 2016) ("a *Heck* dismissal is made without prejudice"); *Howard v. City of Milton*, 63 Fed. Appx. 978, 978 (9th Cir. 2003) ("when *Younger* abstention applies, it is appropriate to dismiss the action without prejudice").

The Court ORDERS:

1.    The findings and recommendations issued on March 16, 2026 (Doc. 14) are ADOPTED in part.

2.    Plaintiff's claims under section 1983 for retaliation and excessive force are DISMISSED with prejudice.

3.    To the extent Plaintiff challenges his state conviction or an ongoing state court criminal proceeding, such claims are DISMISSED without prejudice.

4.     The Clerk of Court is directed to close this case.


IT IS SO ORDERED.

Dated:     May 4, 2026

_____
UNITED STATES DISTRICT JUDGE